**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LESLY J. LAGUNA,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY; BENJAMIN MOTTER; DOES I-V,<br><br>    Defendant. | 3:10-cv-00108-RCJ-VPC<br><br>**ORDER** |

Currently before the Court is Defendant Benjamin C. Motter's Motion to Dismiss (#3) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff subsequently and conjunctively filed a Motion to Amend Complaint (#8) and a Motion to Remand (#9). Oral argument was heard on July 9, 2010.

**BACKGROUND**

Plaintiff, a resident of Washoe County, filed a complaint in the Second Judicial District Court for Washoe County on December 3, 2009. Defendant American Family Mutual Insurance Company [hereinafter, "AFMIC"] is a Wisconsin Corporation doing business in Washoe County, State of Nevada. (Notice of Removal (#1) at Ex. A, p. 6). Defendant Benjamin C. Motter resides in Las Vegas, Nevada, and conducts business in Washoe County, Nevada. Id. At all times relevant in this case, Defendant AFMIC employed Defendant Motter as a claims analyst.

///

///

Plaintiff was involved in an automobile accident in Washoe County on May 19, 2008. Plaintiff received $15,000 from the at-fault driver's insurance company, GMAC Insurance Company. In addition, Plaintiff requested from her insurance company, AFMIC, an additional $45,000 from her underinsured/uninsured motorist policy of $100,000. To support this request, Plaintiff submitted to AFMIC medical records and billings totaling over $29,000. Defendants refused to pay the requested amount, claiming Plaintiff had already been adequately compensated by GMAC.

Because her underinsured motorist claim was denied, Plaintiff contends that AFMIC and Defendant Benjamin C. Motter are liable for breach of contract, tortious breach of the covenant of good faith and fair dealing, and unfair claims settlement practices. Within Plaintiff's complaint, Defendant Motter is mentioned only twice by name and never within the summaries of claims against Defendants. Id. at 7, 8. Defendants argue Plaintiff fraudulently joined Defendant Motter in order to destroy complete diversity, which is required in order for this Court to exercise jurisdiction. Id. at 2. Defendants argue that Defendant Motter cannot be liable for any of the claims asserted in the complaint under Nevada law. In response, Plaintiff filed a proposed amended complaint. Within the proposed amended complaint, Plaintiff added two claims directed at Defendant Motter: tortious interference with a contract and negligence. (Pl.'s Mot. to Am. Comp. (#8-1) at Ex.1, pp. 5–6). Defendants argue that these additional claims have no legal merit in accordance with the facts of this case and should be dismissed. (D.'s Opp. Mot. to Am. Comp. (#12) at p. 1).

## DISCUSSION

### I. Defendant Motter's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Defendants filed a motion to dismiss on the grounds that Plaintiff's complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Defendant Motter seeks dismissal of the claims asserted against him in both the original and amended complaints. As previously concluded in the facts, Plaintiff concedes that Defendant Motter was working within the scope of his employment as a claims analyst for Defendant AFMIC.

Defendants argue that none of the five claims Plaintiff asserts against Defendant Motter pass the legal standard of Rule 12(b)(6) or this Court's previous conclusions that claims adjusters in this type of case lack liability to an insured party. See Silon v. Am. Home Assur. Co., 2009 WL 1090700 (D. Nev. 2009).

**A. Legal Standard**

When considering a 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. V. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. The Ninth Circuit, however, has expanded the court's view to allow consideration of documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting the motion into a motion for summary judgment. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court should exercise caution, however, and presume against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). To avoid a Rule 12(b)(6) dismissal, then, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007); Ashcroft v. Iqbal,__U.S.__, 129 S.Ct. 1937, 1949 (2009)(stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though "detailed factual allegations" are not required for a complaint to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. Additionally, the pleading should convince the court that the facts provide more than "a suspicion [of] a legally cognizable right of action." Id.

### B. Plaintiff's Initial Complaint Fails to State a Claim for Relief against Defendant Motter

Plaintiff's initial three claims for relief do not include any allegations specifically against Defendant Motter. Plaintiff seeks damages against AFMIC for claims of breach of contract, tortious breach of the covenant of good faith and fair dealing, and finally, for unfair claims settlement practices. Defendant Motter argues that Plaintiff's factual allegations against him fail to establish a right to relief above the speculative level, assuming all of the allegations are true. See Id. The facts of this case are highly similar to a recent case decided by this Court. See Tracey v. Am. Fam. Mut. Ins. Co., 2009 WL 3754209 (D. Nev. 2009). In that case, plaintiff sued defendants for breach of contract, common law bad faith, statutory bad faith and negligence. Id. One defendant was employed by the defendant insurance company as a claims adjuster. Id. This very Court found plaintiff's first three claims relied on an underlying contractual agreement and that because there existed no contract between the employee defendant and plaintiff, the claims brought against that defendant were improper. Id. at 3. The defendant employee was summarily dismissed from the case. Id.

Here, Plaintiff initially asserted three claims for relief against Defendants. Plaintiff does not pursue these claims against Defendant Motter in her Opposition to Defendant Motter's Motion to Dismiss. ((#11) at p. 2.). Instead, Plaintiff argues her amended complaint contains legally sufficient claims against Defendant Motter, which will be expounded below. Id.

Because Plaintiff does not contest Defendant Motter's assertion that the initial causes of action fail to state a claim against Motter, this Court dismisses these claims. See Tracey, 2009 WL 3754209 (D. Nev. 2009)(dismissing claims for breach of contract against individual claims adjuster). As this Court determined in Tracey, it finds that the initial causes of action asserted in Plaintiff's complaint fail to state a claim as to Defendant Motter. Additionally, since no contractual agreement exists between Defendant Motter and Plaintiff, there is no legally

4

cognizable claim against Defendant Motter in Plaintiff's initial complaint. See Tracey, 2009 WL 3754209.

### C. Plaintiff's Proposed Amended Complaint Also Lacks Cognizable Claims against Defendant Motter

Even though Plaintiff attempts to remedy the lack of cognizable claims against Defendant Motter in her amended complaint by adding two claims directly against Defendant Motter, these claims also fail the legal standard set forth in Rule 12(b)(6) and should be dismissed. In the amended complaint, Plaintiff claims Defendant Motter tortiously interfered with the contract of insurance between Plaintiff and AFMIC. (Pl.'s Mot. to Am. Comp. (#8) at p. 2). Additionally, Plaintiff alleges Defendant Motter "was negligent in his evaluation of the claim and that Motter owed a duty to use reasonable care in evaluating the claim." Id.

As will be discussed, Plaintiff's first claim against Defendant Motter for tortious interference with a contract is without merit. Plaintiff fails to state a claim that Defendant Motter intentionally and tortiously interfered with his employer's contract with Plaintiff either as an employee or intervening third party. Under Nevada law, Plaintiff must prove that 1) a contract exists; 2) Defendant Motter knew of the existence of the contract; 3) Defendant Motter intentionally designed to disrupt the contractual relationship; 4) Defendant Motter actually disrupted the contractual relationship; and 5) damage resulted. Sutherland v. Gross, 105 Nev. 192, 772 P.2d 1287 (1989)(citing Ramona Manor Convalescent Hosp. v. Care. Ent., 225 Cal. Rptr. 120, 124 (1986)). Nevada law additionally provides that as a matter of law, a party cannot tortiously interfere with its own contract. See Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP, 440 F. Supp. 2d 1184 (D. Nev. 2006). Furthermore, Nevada law confirms an employee acting within the scope of their employment (principal's interest) cannot constitute an intervening third party and so cannot tortiously interfere with a contract to which the principal is party. See Alam v. Reno Hilton Corp., 819 F. Supp. 905, 911-12 (D. Nev. 1993) (citing Haigh v. Matsushitz Elec. Corp. of Am., 676 F. Supp. 1332, 1349 (E.D. Va. 1987)).

To apply these standards in the current case releases Defendant Motter from liability from Plaintiff's claim against him for tortious interference of contract. As previously shown,

5

Plaintiff concedes that Defendant Motter was acting within the scope of his employment with AFMIC. (D.'s Opp. to Mot. to Am. Comp. (#12) at p. 5). Because Defendant Motter was acting within the scope of his employment and in the interest of AFMIC, he cannot be considered an intervening third party. Nevada law unambiguously concludes Plaintiff's tortious interference claim against Defendant Motter is incognizable.

In addition, Plaintiff's negligence claim against Defendant Motter is without merit. In Silon, this Court was presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim after plaintiff alleged negligence against a claims adjuster. See Silon v. Am. Home Assur. Co., et al., 2009 WL 1090700 (D. Nev. 2009). This Court dismissed that claim on the ground that a claims analyst has no general duty of care to the insured, and therefore, could not be sued for negligence in that capacity. Id.; See Tracey, 2009 WL 3754209. Therefore, the Court similarly concludes in the current case that Defendant Motter, under the majority rule, is not liable for these claims.[1]

## II. Defendant's Motion to Remand

### A. Legal Standard

Removal of any civil action from state court to federal court may be sustained under 28 U.S.C. § 1441 as long as the federal court establishes original jurisdiction over the matter. Federal courts may establish original jurisdiction on diversity grounds. 28 U.S.C. § 1332. Complete diversity of all parties involved in the matter is required as is a minimum amount in controversy of $75,000. Id. The removal statute should be strictly construed against removal jurisdiction and if doubt arises, the federal court should remand the case to state court. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal jurisdiction based on diversity will not be destroyed by fraudulently joined

---

[1] "The majority rule on negligence of individual claim adjusters is that they do not owe a general duty of care to the insured, and therefore cannot be held liable to the insured for negligence as a matter of law." Silon v. Am. Home Assur. Co., et al., 2009 WL 1090700 (citing Sanchez v. Lindsey Morden Claim Servs., 72 Cal.App.4th 249, 256(Cal. Ct. App. 1999); Velastequi v. Exch. Ins. Co., 505 N.Y.S. 2d 779 (N.Y. City Civ. Ct); Dear v. Scottsdale Ins. Co., 947 S.W.2d 908, 917 (Tex. 1997); Hill v. Giuffrida, 608 F.Supp. 648, 649 (S.D. Miss. 1985).

defendants. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). A non-diverse party may be considered fraudulently joined when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

When fraudulent joinder issues arise, "the defendant seeking removal to federal court is entitled to present the facts showing the joinder to be fraudulent." Id. The Court can, therefore, "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (citing Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995)). The defendant has the opportunity to prove that "individuals joined in the action cannot be liable on any theory." Ritchey, 139 F.3d at 1318.

### B. The Court Dismisses Defendant Motter, and Denies Plaintiff's Motion to Remand

Plaintiff argues that this Court should adopt the minority position on negligence liability of claim adjusters and allow the claims against Defendant Motter to proceed. (Pl.'s Reply (#16) at p. 1). In opposition, Defendants emphasize that Nevada law is unambiguous and that this very Court itself has already adopted the majority position that claims adjusters have no general duty of care to the insured. (D.'s Opp. Mot. to Am. Comp. (#12) at p. 2)(citing Tracey, 2009 WL 3754209). Defendants further contend that Defendant Motter was fraudulently joined to defeat diversity and prevent this Court from exercising jurisdiction in this matter. Id. Defendants fail to include depositions and affidavits attesting to this allegation but provide sufficient case law to support it. Id. Nevada law clearly provides that when an individual claims adjuster is acting within the scope of employment, a Nevada court should not impose liability against that employee. Id. Because Motter is not subject to liability on the claims asserted against him, he is dismissed as a defendant, and Plaintiff's motion for remand is denied.

///

///

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant Motter's Motion to Dismiss (#3) is GRANTED. Plaintiff's Motion to Amend Complaint (#8) is DENIED, making Plaintiff's Motion to Remand (#9) MOOT.

DATED: This 3rd day of August, 2010.

_____
United States District Judge